UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOSIE WILLIAMS, | ) | CASE NO. 1:25-cv-1639 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CORRECTIONAL RECEPTION CENTER, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |

Before the Court is Petitioner Hosie Williams's *pro se* Petition for Writ of Mandamus ("Petition"). (ECF No. 1). For the reasons discussed below, the Petition is **DENIED**.

I.  **BACKGROUND**

Petitioner is currently in state custody as an inmate at the Southern Ohio Correctional Facility. (*See* ECF No. 1). The Petition states that he is suffering from a number of medical conditions and he seeks an order from the Court requiring Respondents to provide him with additional medical testing and a more comprehensive treatment plan. (*Id.* at PageID #6–30). Although he was no longer housed in the Lorain County Jail or the Corrections Receptions Center when he filed the Petition, Petitioner seeks mandamus relief with respect to the Corrections Reception Center and two medical professionals at the Lorain County Jail. (*Id.* at PageID #2–4). He also seeks mandamus relief from the Ohio Department of Rehabilitation and Correction and the Ohio Attorney General. (*Id.*).

II. **STANDARD OF REVIEW**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court

1

concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 U.S. App. LEXIS 1494, at *5 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). Complaints for a writ of mandamus are subject to the screening functions of 28 U.S.C. § 1915. *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("The [Prisoner Litigation Reform Act] applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983.").

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**III. DISCUSSION**

After review, the Court finds that it lacks jurisdiction to grant the mandamus relief requested in the Petition. The writ of mandamus has been abolished by Federal Rule of Civil Procedure 81(b). Fed. R. Civ. P. 81(b). However, "[r]elief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." *Id.* Under 28 U.S.C. § 1651, the All Writs Act, federal courts are granted the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." The statute provides district courts with the power and authority to enter such orders as may be necessary to enforce and effectuate their own orders and judgments. *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970); *Hill v. U.S. Dist. Court N. Dist. of Ohio*, No. 3:13-cv-2119, 2014 WL 198800, at *3 (N.D. Ohio Jan. 15, 2014). Most importantly, the All Writs Act is not an independent source of jurisdiction because it "permits a federal court to issue a writ of mandamus only 'in aid of its existing statutory jurisdiction; the Act does not enlarge that jurisdiction.'" *United States v. Carroll*, No. 10-1400, 2012 U.S. App. LEXIS 9520, at *2 (6th Cir. Apr. 27, 2012) (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534–35, 119 S. Ct. 1538, 143 L. Ed. 2d 720 (1999)).

Petitioner does not seek relief related to an order or judgment of this Court. Instead, he seeks mandamus relief in the form of an order compelling Respondents to perform specific acts and comply with alleged duties owed to Petitioner. (ECF No. 1, PageID #30). Congress has provided a limited grant of mandamus jurisdiction to district courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. To obtain relief under this statute, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v.*

*Ringer*, 466 U.S. 602, 616–17, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). Otherwise, district courts lack jurisdiction to issue a writ of mandamus against a state actor, agency, or entity. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275–76 (5th Cir.1973) (holding that federal courts lack the authority to issue writs of mandamus against state officers in the performance of their duties when mandamus is the only relief sought); *Lawrence v. Miami-Dade County State Att'y Off.*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief [the petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Here, Respondents are not officers or employees of the United States; they are state or county agencies and employees. Accordingly, the Court lacks jurisdiction to grant Petitioner's request for mandamus relief against Respondents and the Petition must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Petition (ECF No. 1) is **DENIED** and this action is **DISMISSED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 22, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**